UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH D. LOMACK, SR.,

Plaintiff,

v.

RAINEY JACOBSON,

Defendant.

No.  2:25-cv-01440-TLN-SCR P

FINDINGS AND RECOMMENDATIONS

Plaintiff is incarcerated in state prison and is proceeding with this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915A.  As explained below, because plaintiff's remedy for the alleged withholding of his personal property lies in state court, the undersigned finds that his complaint fails to state a cognizable Fourteenth Amendment due process claim.  Accordingly, plaintiff's complaint should be dismissed without prejudice and without leave to amend for failure to state a claim.  28 U.S.C. § 1915A(b)(1).  For the same reasons, it is recommended that plaintiff's motion to proceed in forma pauperis be denied.  See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

////

1

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S COMPLAINT**

The events underlying plaintiff's complaint occurred while he was detained at Placer County Jail. ECF No. 1 at 1, 3. Plaintiff alleges that on October 22, 2023, he was incarcerated at Placer County Jail and charged with multiple crimes. Id. at 3. Upon his incarceration, plaintiff "had property that was confiscated." Id. On January 6, 2025, plaintiff pleaded no contest to

possession of a controlled substance with a firearm instead of going to trial on possession for sale charges, and all other charges against him were dismissed. Id. On the same day plaintiff accepted his plea deal, Judge Jeffrey Penny allegedly issued a court order for defendant Deputy District Attorney Jacobson to provide plaintiff with a property release form and return the property confiscated upon his incarceration. Id.

Plaintiff claims that because he agreed to a plea bargain, he is entitled to the return of his property by law. Id. On January 26, 2025, plaintiff alleges that he sent defendant Jacobson a letter "asking for the property release form so [he] [could] have [his] family pick [his] property up" but "got no response." Id. On February 22, 2025, plaintiff alleges that he drafted a motion for return of seized property with three exhibits attached: (1) the court order directing defendant Jacobson to return his property; (2) the letter plaintiff sent to defendant Jacobson requesting the property release form; and (3) a "violation warning" for "denial of his rights under color of law listing all rights of [his] that were violated." Id. at 3-4. Plaintiff allegedly sent this motion to Crystal Calderon, a private investigator working on his case, for filing and service. Id. at 4. On April 26, 2025, plaintiff alleges that he still had not received the property release form and that he "notified [defendant] Jacobson multiple times," alerting her to the issue, identifying her failure to provide the form as noncompliance with the law, and apprising her of his intention to seek compensation for his property "if she does not comply." Id. at 4-5.

On May 22, 2025, plaintiff filed the instant lawsuit, alleging a Fourteenth Amendment due process violation and also raising state tort claims for fraud and malfeasance. Id. at 3, 6. In his request for relief, plaintiff seeks return of his property, or in the alternative, compensation for its value of $3,000. Id. at 8.

## LEGAL STANDARDS

### I.    42 U.S.C. § 1983

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law

3

(2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.      Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted).  In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

**III.     Fourteenth Amendment Deprivation of Property Without Due Process**

In general, "the root requirement" of the Due process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.  Zinermon v. Burch, 494 U.S. 113, 127 (1990) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).  However, in the prison context, not all instances of property deprivation demand such process.  Id. at 128.  Specifically, for negligent deprivations of property and for unauthorized intentional deprivations of property, "a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process."  Id.  With respect to negligent deprivations of property, the very nature of this loss "ma[kes] it impossible for the State to predict such deprivations" nor "precisely when the loss will occur."  Id. at 129.  Thus, "it is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place," making such a remedy as a postdeprivation tort cause of action "all the process [a]

4

prisoner [is] due" because it is "the only remed[y] the State could be expected to provide." Id. at 128-29. Similarly, with unauthorized intentional deprivations of property, where a "state official [is] not acting pursuant to any established state procedure, but, instead, [is] apparently pursuing a random, unauthorized personal vendetta against [a] prisoner," "[t]he State can no more anticipate and control in advance [this kind of] conduct of its employees than it can anticipate similar negligent conduct." Id. at 130. That the state official "himself could 'foresee' the wrongful deprivation and could prevent it by simply refraining from his misconduct" "is 'of no consequence' because the proper inquiry … is whether the *state* is in a position to provide due predeprivation process." Id. (citation omitted) (emphasis added). Accordingly, where the state provides an adequate post-deprivation remedy, a plaintiff's claim is actionable under state law, but he or she may not pursue a due process claim arising out of the unlawful confiscation of his personal property in federal court. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

## DISCUSSION

**I.      Failure to State A Claim**

### A.  Deprivation of Property

For the reasons explained below, the undersigned finds that plaintiff has failed to state a Fourteenth Amendment claim for deprivation of property without due process against defendant deputy district attorney Jacobson.

Plaintiff alleges that from January 6, 2025, until the commencement of the instant suit, defendant Jacobson[1] allegedly failed to perform her obligations under a state court order to return plaintiff's property and provide him with a property release form. Id. at 3-4. Generally, in such situations, the availability of California post-deprivation remedies satisfies due process and precludes plaintiff's instant Fourteenth Amendment claim "arising out of the unlawful confiscation of his personal property in federal court." Barnett, 31 F.3d at 816-17.

For instance, in Smith v. Cnty. of Santa Cruz, No. 13-cv-0595 LHK, 2014 WL 3615492, at *8-*9 (N.D. Cal. July 22, 2014), the court considered a similar Fourteenth Amendment due

---

[1] Because the complaint fails to state cognizable claims for relief, the undersigned declines to address defendant Jacobson's potential prosecutorial immunity.

process challenge regarding the defendants' refusal to return personal property despite an order from the Santa Cruz County Superior Court.  The court dismissed the claim without leave to amend, holding that the alleged Superior Court order itself was evidence of a post-deprivation remedy.  See Smith, 2014 WL 3615492, at *9.  "To the extent that Plaintiff alleges that Defendants have failed to return Plaintiff's property despite the state court's order to do so, Plaintiff's remedy lies in moving for contempt proceedings in state court rather than seeking a remedy under section 1983 in federal court."  Id. at *9 n.10.

The undersigned is persuaded by Smith and concludes that petitioner's remedy lies not here but in state court.  While the court in Smith identified contempt proceedings as the appropriate state court remedy, the undersigned notes that other courts have pointed to writs of mandate pursuant to California Code of Civil Procedure § 1085 as the appropriate state-court vehicle for similar relief.  See Holt v. Kelly, 20 Cal. 3d 560, 564 (Cal. 1978) (holding that a writ of mandamus, pursuant to § 1085 was appropriate to compel defendant county sheriff to return plaintiff's property due to his ministerial duty to do under state law).  In all, it is evident that state court provides petitioner with post-deprivation avenues for the relief he seeks.

Accordingly, because plaintiff may not pursue a Fourteenth Amendment due process claim arising out of the unlawful confiscation of his personal property in federal court, the undersigned finds that the complaint fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).

**II.     No Leave to Amend**

The undersigned finds that under the circumstances, leave to amend would be inappropriate.  In general, a pro se litigant must be granted leave to amend his [or her] complaint unless it is clear that the deficiencies in the complaint could not be cured by amendment."  See Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).  As explained above, plaintiff may not pursue his Fourteenth Amendment claim in federal court because there are postdeprivation remedies available under state law.  Granting leave to amend

would be futile because no kind or amount of amending would be able to cure the deficiency, as plaintiff's claim fails as a matter of law, not for insufficient factual content. Therefore, the undersigned recommends dismissal of plaintiff's Fourteenth Amendment claim.[2]

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED;

2.  The complaint be dismissed without prejudice and without leave to amend for failure to state a claim, 28 U.S.C. § 1915A(b)(1); and

3.  The Clerk of the Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

[2]  Plaintiff also raises claims for fraud and malfeasance. To the extent that these claims arise under state law, the undersigned finds it proper to decline supplemental jurisdiction over them and abstain from substantive analysis of their merit. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward decline to exercise jurisdiction over the remaining state law claims.").